UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

STRATEGIC CAPITAL CORPORATION, *et*  }
*al*,                                }
                                     }
        Plaintiffs,                  }
VS.                                  }    CIVIL ACTION NO. H-08-1651
                                     }
NEW STRONG GROUP LIMITED, *et al*,   }
                                     }
        Defendants.                  }

## OPINION & ORDER

Pending before the Court are Intervenors Bell, Ryniker & Letourneau, P.C.'s ("Bell Ryniker") Motion for Reconsideration (Doc. 88), Defendant New Strong Group Limited's ("New Strong") Motion for Attorney Fees (Doc. 86), New Strong's Motion for Release of Funds (Doc. 85), Intervenors AP Boston PC, Jose Luis Tovar, Sr ("Tovar"), Jose Mario Tovar ("Mario Tovar"), Francis J Fair ("Fair"), and Defendant KSES (USA) Inc's ("KSES") (collectively "KSES Parties") Motion for Reconsideration (Doc. 99), and the responses and replies thereto. For the reasons explained below, Bell Ryniker's Motion for Reconsideration (Doc. 88) is DENIED; New Strong's Motion for Release of Funds (Doc. 85) is GRANTED; and New Strong's Motion for Attorney Fees (Doc. 86) is DENIED-IN-PART and GRANTED-IN-PART; and KSES Parties' Motion for Reconsideration (Doc. 99) is DENIED.

## I.      Background & Relevant Facts.

The facts were recently set forth in the Court's Order of April 28, 2009 (Doc. 82) ("the Order") and the following recitation is based on the facts set forth therein. KSES was a corporation whose sole asset was the vessel The Dixie Patriot. New Strong was a shareholder of KSES. KSES sold The Dixie Patriot. Pursuant to a confidential settlement agreement (the

"Settlement Agreement"), proceeds from the sale were to be released from escrow to New Strong after payment to certain creditors.   One of these creditors, Power Marine, was subsequently sued.  Believing that the lawsuit might entail liability on the part of KSES, KSES moved to prevent release of the remaining funds from the sale of The Dixie Patriot to New Strong until monies were set aside to cover the lawsuit.  A third party in charge of the escrowed funds brought this suit to determine if the funds should be released.  The Court by its Order determined that the Settlement Agreement contemplated that New Strong should be paid immediately, and that the possible lawsuit liability was not a condition precedent to release of funds to New Strong under the agreement.

Tovar, Mario Tovar and Fair, who are directors of KSES, intervened, claiming that funds were owed to them before release of the funds to New Strong.  Bell Ryniker, legal counsel to New Strong and KSES, did the same.  By Bell Ryniker's own admission, it claims funds are owed it due to its legal opinion given to KSES arising from the dispute between New Strong and KSES over whether the Power Marine lawsuit liability was a condition precedent. Doc. 91 at 1.  By its own admission, Bell Ryniker was not a party to the Settlement Agreement, and was never aware of its terms.   Doc. 102 at 2.   Bell Ryniker's original complaint in intervention alleged that New Strong "refuses to allow the payments to Intervenor as required under [the Settlement Agreement] which constitutes a material breach and wrongful repudiation of its obligations under the agreement."  Doc. 39 at 2-3.

II.     **Analysis.**

a.  **Bell Ryniker and KSES's Motions for Reconsideration.**

"The Federal Rules of Civil Procedure do not provide for a "Motion for

Reconsideration" but such motions may properly be considered either a Rule 59(e) motion to alter or amend judgment or a Rule 60(b) motion for relief from judgment."   *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998)   A motion for reconsideration should be treated as a motion to alter or amend a judgment under Rule 59(e) if filed within ten days of the challenged ruling or judgment and under Rule 60 if filed beyond that time. *Bass v. U.S. Dept. of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Freeman v. County of Bexar*, 142 F.3d 848, 852 and n.7 (5th Cir. 1998); and *Hamilton Plaintiffs*, 147 F.3d at 371 n. 10.  Judgment was entered on April 28, 2009.  *See* Doc. 82.  Belly Ryniker's "Motion for Reconsideration" was filed on May 5, 2009.  *See* Doc. 88.  KSES Parties' "Motion for Reconsideration" was filed on May 6, 2009.  *See* Doc. 99.  Therefore, as both motions were filed within ten days of entry of judgment, the Court will treat them as motions to alter or amend the judgment under Rule 59(e).

Unlike Rule 60(b), the Court has greater discretion to consider Rule 59(e) motions.  *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 174 (5th Cir. 1990).  In exercising that discretion, the Court balances "two important judicial imperatives . . . : the need to bring litigation to an end and the need to render just decisions on the basis of all the facts."  *Id*. Thus, the Fifth Circuit has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Rather, Rule 59(e) "serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."  *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-479 (5th Cir. 2004).

Both motions for reconsideration seek only to rehash evidence and legal theories and raise arguments that should have been raised at the summary judgment stage.  Bell Ryniker cites case law purportedly supporting the proposition that its legal suit is judicially privileged from a tortious interference with contract claim.  This case law was available before judgment was entered, and should have been presented then.  Furthermore, the case law cited either does not stand for the proposition for which it is cited or is not controlling authority.  Bell Ryniker also argues that its claim for legal fees falls under the settlement agreement without providing any evidence to that effect. Lastly, Bell Ryniker raises an affirmative defense that its suit was a colorable legal right asserted in good faith for the first time.  It could have raised this argument before.

KSES Parties' repeat their argument that the Power Marine lawsuit liability is not excluded from the Settlement Agreement creditor payments preceding release of funds to New Strong.  KSES Parties' also seek to have admitted offers of compromise by New Strong as new evidence despite such being excluded by Fed. R. Evid. 408.  A thorough review of both motions shows no indication that the Court did not reach a "just decision on the basis of all the facts;" furthermore it is appropriate that litigation be brought to an end lest KSES Parties and Bell Ryniker be allowed to use frivolous claims to delay release of the escrowed funds due to New Strong under the settlement agreement.  There is no manifest error of law nor new evidence. Hence both "Motions for Reconsideration" are denied.

### b.  New Strong's Motion for Award of Attorney Fees.

New Strong asserts both statutory and contractual bases for an award of attorney fees. First, New Strong argues that pursuant to the Settlement Agreement, it should be awarded attorney fees.  Paragraph Twelve of the Settlement Agreement states that:

> This Agreement shall be construed and interpreted and enforced according to the laws of the State of Texas.  The Parties each agree that any legal or equitable action or proceeding with respect to this Agreement shall be brought [in federal or state court in Harris County, Texas, City of Houston] . . . In any such proceeding, the prevailing party shall be entitled to recover reasonable attorneys' fees and other costs of court and expenses.

Because the April 28, 2009, Order declared that the funds were owed to New Strong, New Strong is the "prevailing party" as against KSES and Tovar, the two signatories to the Settlement Agreement who opposed release of the funds to New Strong under an incorrect interpretation of that contract.

KSES Parties argue that the Paragraph Twelve is inapplicable to the instant case because the instant case is an interpleader action and, thus, is excluded from the strict meaning of "legal or equitable action or proceeding."  "The terms used in the [contract] are given their plain, ordinary meaning unless the [contract] itself shows that the parties intended the terms to have a different, technical meaning."  *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 323 (5th Cir. 2001).  Even assuming that New Strong's "Motion for Summary Judgment" on the Settlement Agreement is considered "in the nature of an interpleader," the plain and fairly broad meaning of "legal or equitable action or proceeding" must include interpleader actions.  Interpleader actions are but one type of legal proceeding.  Thus, KSES and Tovar are liable for attorney fees to New Strong arising from New Strong's successful, and correct, interpretation of the Settlement Agreement.

New Strong seeks to extend the ambit of Paragraph Twelve to those opposing parties who were not signatories to the Settlement Agreement; i.e. Bell Ryniker, AP Boston PC, Mario Tovar and Fair.  New Strong argues that because Bell Ryniker, AP Boston PC, Mario Tovar, and Fair alleged that they were third-party beneficiaries to the Settlement Agreement, and, as such, were entitled under the Settlement Agreement, to obtain payment from the

escrowed funds before New Strong was paid, New Strong may now assert against them the Settlement Agreement's attorney fee clause.   When a third-party beneficiary relationship is established, "the third-party beneficiary, who did not sign the contract, is not liable for either signatory's performance and has no contractual obligations to either." *Motorsport Eng'g, Inc. v. Maserati S.p.A.*, 316 F.3d 26, 29 (1st Cir. 2002) (internal citations omitted). "A contract . . . generally binds no one except the parties to it[, and] courts generally cannot bind a nonparty to a contract because the nonparty never agreed to the contract's terms." *BML Stage Lighting, Inc. v. Mayflower Transit, Inc.*, 14 S.W.3d 395, 400 (Tex. App. - Houston [14th Dist.], 2000, no pet.) (internal citations omitted); *see also Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006) ("A third party beneficiary might  in certain circumstances have the power to sue under a contract; it certainly cannot be bound to a contract it did not sign or otherwise assent to.").   Thus, even if the opposing non-signatory parties were third-party beneficiaries, they would not be bound by the Settlement Agreement's attorneys' fees provision.   New Strong's reliance on Restatement 2d of Contracts, § 309(4) is misplaced.   Section 309 deals with defenses against liability by a signatory to a contract to a beneficiary; it does not deal with liability by a beneficiary to a signatory under the same contract.

New Strong also seeks attorney fees under Chapter 38 of the Texas Civil Practices and Remedies Code because "this is a suit on an oral/written contract."   Chapter 38 of the Texas Civil Practice and Remedies Code permits a prevailing party to recover attorney's fees and costs in a breach of contract case. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8) (Vernon 1997 & Supp. 2005).   "A necessary requisite for the recovery of attorney's fees is the presentment of the contract claim to the opposing party and the failure of that party to tender performance."   *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981).   The purpose of the

requirement for presentation of a claim is to allow the person against whom it is asserted an opportunity to pay a claim within 30 days after he has notice of the claim without incurring an obligation for attorney's fees. The statute is to be "liberally construed to promote its underlying purposes." TEX. CIV. PRAC. & REM. CODE ANN. § 38.005 (1985); *Jones*, 614 S.W.2d at 100. "No particular form of presentment is required." *Huff v. Fidelity Union Life Ins. Co.*, 158 Tex. 433, 312 S.W.2d 493, 500 (1958); *Hudson v. Smith*, 391 S.W.2d 441, 452 (Tex.Civ.App. Houston 1965, writ ref'd n. r. e.). In this case, there was no demand for performance by New Strong to the non-signatory parties. Such a demand would be nonsensical as they were not parties to the agreement. As the non-signatory opposing parties never had an opportunity to perform the contract and only intervened after KSES prevented release of the funds to New Strong, it would be an inequitable and illogical result to extend Chapter 38 to them. Hence, the non-signatory opposing parties are not liable for attorneys' fees.

KSES Parties contend, and are correct, that attorneys' fees are items of special damages which must be specifically pleaded. Fed. R. Civ. P. 9(g); *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir.1996). They argue that New Strong did not specifically plead for attorneys' fees relating to its successful action for declaratory relief, but only for its, as yet to be determined, actions for breach of contract, and, thus cannot recover for the declaratory relief awarded in the April 28, 2009, Order. The purpose, however, of Rule 9(g) is to give notice to the defendant of the claim for special damages. *United Indus.*, 91 F. 3d at 765. Here, New Strong's First Amended Cross-Claim makes a specific demand for all reasonable attorneys' fees and costs in the Prayer, which follows from a request for declaratory relief as well as breach of contract. Thus, New Strong can be said to have specifically pleaded for attorneys' fees for the declaratory relief. *See Maidmore Realty Co. v. Maidmore Realty Co.*, 474 F.2d 840, 843 (3d Cir.

1973)(demand for attorneys' fees in prayer "for this action" covers all attorneys' fees arising from litigation of that case.)   Furthermore, while only the breach of contract claim refers to Paragraph Twelve, both the breach of contract claim and the claim for declaratory relief had an identical nexus: The escrow funds were due New Strong under the Settlement Agreement and KSES Parties were preventing the funds' release.   Thus, constructive if not actual notice was given in the pleadings that by contesting the release of the funds under the Settlement Agreement, KSES Parties subjected themselves to Paragraph Twelve not only as to the breach of contract claim, but also as to the declaratory relief claim.

**c.**      **New Strong's Motion for Release of Funds.**

New Strong's motion seeking release of funds to it follows the Court's Order on April 28, 2009, that the funds should be released as all conditions precedent under the Settlement Agreement setting aside the funds have been met.   Bell Ryniker makes an eleventh hour objection arguing that the Court itself recognized that it provided legal services to New Strong, although they were billed to KSES.   By doing so, Bell Ryniker shows a disturbing lack of precision in its understanding of its legal rights.   Its current position is that of Intervenor to determine the ownerships rights to specific funds, according to the Settlement Agreement. Nevertheless it proceeds as if any provision of legal services would entitle it to reimbursement from these specific funds.   Furthermore, by Bell Ryniker's own admission, its claim for reimbursement arises from the provision of legal advice relating to the Power Marine lawsuit liability.   The Court has determined specifically that any advice relating to this liability was excluded from the Settlement Agreement's list of 'condition precedent' creditors.

No non-frivolous objections stand in the way of execution of the Settlement Agreement as its plain language intended.  The Court ORDERS the immediate release of the escrowed funds deposited in the Registry of the Court to New Strong.

III.   **Conclusion**.

Accordingly, it is hereby ORDERED that KSES Parties' Motion for Reconsideration (Doc. 99) is DENIED;

And, it is further ORDERED that Bell Ryniker's Motion for Reconsideration (Doc. 88) is DENIED;

And, it is further ORDERED that New Strong's Motion for Attorney Fees (Doc. 86) is GRANTED-IN-PART as to KSES and Tovar, but DENIED-IN-PART as to Bell Ryniker, AP Boston PC,  Mario Tovar, and Fair;

And, it is further ORDERED that New Strong's Motion for Release of Funds (Doc. 85) is GRANTED.  New Strong shall present to the Court a form of order, releasing the funds to New Strong, from the Registry of the Court.  New Strong shall also present an analysis and proof of the amount of attorneys' fees requested by motion supported by affidavit.  KSES and Tovar shall have 20 days to respond.

SIGNED at Houston, Texas, this 13th day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE