UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STRATEGIC CAPITAL CORPORATION, *et al*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. H-08-1651 |
| | § | |
| NEW STRONG GROUP LIMITED, *et al*, | § § | |
| Defendants. | § | |

**OPINION & ORDER**

Pending before the Court is Defendant New Strong Group Limited's ("New Strong") application for attorneys' fees and costs (Doc. 117), as well as Defendant KSES (USA), Inc. ("KSES") and Intervenor Jose Luis Tovar, Sr.'s ("Tovar") response (Doc. 119), and New Strong's reply (Doc. 120). Upon review and consideration of this motion, the response and reply thereto, the entire record, and the relevant legal authority, the Court finds that the motion should be granted in part and denied in part.

I. Background and Relevant Facts

The facts of this case were set forth in the Court's Order of April 28, 2009 (Doc. 82) ("the Order") and the following recitation is based on the facts set forth therein. KSES was a corporation whose sole asset was the vessel The Dixie Patriot. New Strong was a shareholder of KSES. KSES sold The Dixie Patriot. Pursuant to a confidential settlement agreement (the "Settlement Agreement"), proceeds from the sale were to be released from escrow to New Strong after payment to certain creditors. One of these creditors, Power Marine, was subsequently sued. Believing that the lawsuit might entail liability on the part of KSES, KSES

moved to prevent release of the remaining funds from the sale of The Dixie Patriot to New Strong until monies were set aside to cover the lawsuit.  A third party in charge of the escrowed funds brought this suit to determine if the funds should be released.  The Court by its Order determined that the Settlement Agreement contemplated that New Strong should be paid immediately, and that the possible lawsuit liability was not a condition precedent to release of funds to New Strong under the agreement.

Tovar, Mario Tovar and Fair, who are directors of KSES, intervened, claiming that funds were owed to them before release of the funds to New Strong.  Bell, Ryniker & Letourneau, P.C. ("BRL"), legal counsel to New Strong and KSES, did the same.  BRL claimed it was owed funds due to the legal opinion it gave KSES regarding the dispute between New Strong and KSES over whether the Power Marine lawsuit liability was a condition precedent.  (Doc. 91 at 1.)  By its own admission, BRL was not a party to the Settlement Agreement, and was never aware of its terms.  (Doc. 102 at 2.)  BRL's original complaint in intervention alleged that New Strong "refuses to allow the payments to Intervenor as required under [the Settlement Agreement] which constitutes a material breach and wrongful repudiation of its obligations under the agreement."  (Doc. 39 at 2–3.)

On July 13, 2009, this Court granted New Strong's motion for attorneys' fees as to KSES and Tovar and ordered that New Strong present an analysis and proof of the attorneys' fees and costs requested.  (Doc. 111 at 9.)  New Strong's application seeks attorneys' fees in the amount of $304,048 and costs in the amount of $15,480.03.  (Doc. 117 at 1.)  KSES and Tovar respond that New Strong should be awarded at most fees in the amount of $63,000 and costs in the amount of $14,166.83.  (Doc. 119 at 2.)

II.  Legal Standard for Attorneys' Fees

    In the Fifth Circuit, determining reasonable attorneys' fees involves a two-step process. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).   "Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers."  *Id.* at 324 (citing *Hensley*, 461 U.S. at 433).   "Then the district court must multiply the reasonable hours by the reasonable hourly rates."  *Id.* (citations omitted).  "The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case."  *Id.* (citing *Brantley v. Surles*, 804 F.2d 321, 325 (5th Cir. 1986)).

    In calculating the lodestar figure, the party requesting fees has the burden of demonstrating that the hourly rates and the time expended are reasonable.  *Hensley*, 461 U.S. at 427.   The reasonable hourly rate is determined by looking at the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984).  The relevant legal community is the one in which the district court sits, no matter how much of the work is done elsewhere. *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *abrogated  on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).  The reasonable hourly rate for a particular community is generally established through affidavits of other attorneys practicing in that community.  *See Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993); *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002).   Additionally, the court must consider the attorneys' regular rates in assessing the reasonableness of the hourly rate claimed.  *Kellstrom*, 50 F.3d at 328.

To determine the number of hours reasonably expended, the party seeking fees must demonstrate that billing judgment was exercised. *Walker v. HUD*, 99 F.3d 761, 769 (5th Cir. 1996). "Billing judgment requires documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant. The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." *Saizan v. Delta Concrete Products Comp.*, 448 F.3d 795, 799 (5th Cir. 2006) (internal footnotes and citations omitted).

The court can adjust the lodestar by applying the twelve factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1994). The *Johnson* factors are as follows:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *id.* at 717-19). Based on one or more of the *Johnson* factors, the court may apply a multiplier to adjust the lodestar up or down if that factor or factors are not already taken into account by the lodestar itself. *Strong v. BellSouth Telecomms.*, 137 F.3d 844, 850 (5th Cir. 1998).


III. <u>Discussion</u>

New Strong was represented in this action by the law firm of Duane Morris, LLP ("Duane Morris"). (Doc. 117 at 4.) In total, attorneys and paralegals for Duane Morris spent

756.3 hours, for a total fee of $304,408.50.  (*Id.*)  New Strong has provided the affidavit of its lead counsel, Thomas W. Sankey ("Sankey").  (Doc. 117-1.)  Sankey reports expending 307.4 hours on this litigation while his associate, Katherine Fergus ("Fergus"), expended 182.8 hours. (*Id.* at 3.)  Sankey billed New Strong hourly rates between $425–500 and Fergus billed hourly rates between $405–415.  (*Id.*)  The total amount billed for the work of Sankey and Fergus is $199,642.00.  (Doc. 117 at 7.)  The affidavit also itemizes the expenses incurred.  (*Id.* at 4.) Detailed invoices for the hours worked were also attached.  (Docs. 117-4 to 117-6.)  In its motion, New Strong notes that "[w]hile several different Duane Morris LLP attorneys worked on this case, the vast majority of the work was efficiently performed by a senior trial partner, Thomas W. Sankey and a senior trial associate, Katherine Y. Fergus."  (Doc. 117 at 6.) "Utilizing multiple attorneys in complex litigation such as this is entirely appropriate, and in this case, the work was performed largely by just these two attorneys."  (*Id.*)

The legal work here involved opposing the attempts of four additional parties to intervene in the case, conducting seven depositions, opposing the parties' competing motions for summary judgment, preparing the motion for attorneys' fees and entry of final judgment, preparing the joint pretrial order, and responding to various motions for reconsideration.  Importantly, New Strong achieved its goal in this case and received payment of the $3,375,709.27 previously held in the Court registry.  Largely based on this result, New Strong now argues that "[a] fee of $304,048.50 to obtain a judgment in the amount of $3,375,709.27 plus fees and costs is certainly a reasonable expense."  (*Id.* at 12–13.)

KSES and Tovar counter that New Strong's application "does not segregate attorneys' fees and costs associated with New Strong being the prevailing party in the dispute arising under the subject settlement agreement, and the attorneys' fees and costs associated with New Strong's

pursuit of causes of action against Mr. Tovar, A.P. Boston, P.C., Francis J. Fair, Jose Mario Tovar, Bell, Ryniker & Letourneau, P.C. and Power Marine, L.L.C. for tortious interference." (Doc. 119 at 1.)  Further, KSES and Tovar aver that the depositions lasted only approximately eleven hours in total, discovery in the case was not extensive, and the case was resolved without trial.  (*Id.* at 2.)

While it is true that the depositions were not drawn out and the case was resolved before trial, New Strong did prepare a joint pretrial order (Doc. 98) in addition to the standard motion practice required.  It is also disingenuous of KSES and Tovar to now demand the segregation of attorneys' fees when they previously argued that justice required that all interested parties be before the Court in this action.  (Doc. 17 at 2.)

New Strong acknowledges that "the vast majority of the work was efficiently performed" by Sankey and Fergus, and the instant motion supports an award for their time.  This amount however, is less than two-thirds of the total attorneys' fees requested.  New Strong's application, as well as Sankey's affidavit, fail to offer any insight into the necessity of the 266.1 additional hours billed.   Under the *Johnson* factors, the Court must calculate a loadstar amount by multiplying the reasonable hours by the reasonable hourly rates.  The Court finds that New Strong has met its burden of demonstrating that the hourly rates sought are reasonable.  The Court also finds, however, that the hours billed for Sankey's and Fergus's work in this case are a reasonable total, and that no further adjustments are warranted by the facts.

IV.  Conclusion

Accordingly, for the reasons set forth herein, the Court hereby **ORDERS** that New Strong Group Limited's application for attorneys' fees and costs (Doc. 117) is **GRANTED IN**

**PART** and **DENIED IN PART**.   The Court further **ORDERS** that New Strong is awarded attorney's fees in the amount of $206,142.00 ($199,642.00 plus $6,500.00 in fees in connection with the preparation of the instant motion) and costs in the amount of $15,480.03.

SIGNED at Houston, Texas, this 25th day of March, 2010.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE